1 | **BRIAN G. WOLF (BAR NO. 135257)**
**HENRY L. SELF (BAR NO. 223153)**
2 | **LAVELY & SINGER**
**PROFESSIONAL CORPORATION**
3 | 2049 Century Park East, Suite 2400
Los Angeles, California 90067-2906
4 | Telephone: (310) 556-3501
Facsimile: (310) 556-3615
5 | Email: bwolf@lavelysinger.com
         hself@lavelysinger.com
6 |
7 | Attorneys for Defendant
ACERCHEM UK LIMITED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AXIOM FOODS, INC., a California corporation; GROWING NATURALS, LLC, an Arizona limited liability company, | CASE NO. CV15-870 PA (AJWx) |
| Plaintiffs, | **NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION (FRCP 12(b)(2)) OR, IN THE ALTERNATIVE, SPECIAL APPEARANCE MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (FRCP (b)(6)); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DONALD TANG** |
| v. | |
| ACERCHEM INTERNATIONAL, INC., an entity of unknown origin; and ACERCHEM UK LIMITED, a United Kingdom limited liability company, | |
| Defendants. | Date: July 6, 2015<br>Time: 1:30 p.m.<br>Ctrm: 15 |
| _____ | [Hon. Percy Anderson, Courtroom 15] |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE that on July 6, 2015 at 1:30 p.m. or as soon thereafter as the matter may be heard in Courtroom 15 of the United States District Court for the Central District of California, located at 312 North Spring Street, Los Angeles, California 90012-4701, specially appearing defendant Acerchem UK Limited will and hereby does move for an order dismissing this action in its entirety without leave to amend for (1) lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) or, in the alternative (2) failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

This motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on June 1, 2015.

The motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities and Declaration of Donald Tang filed and served herewith and upon the papers, records and pleadings on file herein.

DATE: June 3, 2015

LAVELY & SINGER
PROFESSIONAL CORPORATION
BRIAN G. WOLF
HENRY L. SELF III

By: _____/S/_____
HENRY L. SELF III
Attorneys for Defendant
ACERCHEM UK LIMITED

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This Court does not have personal jurisdiction over defendant Acerchem UK Limited ("Acerchem UK"), which is located in the United Kingdom and a wholly-owned subsidiary of defendant Acerchem International, Inc. ("Acerchem International") located in China.[1]

The Court lacks general personal jurisdiction over Acerchem UK because the defendant does not maintain substantial or continuous and systematic contacts with California. As set forth below and in the accompanying Declaration of Donald Tang ("Tang Decl."), Acerchem UK engages in no business activities whatsoever in the State of California. Neither Acerchem International nor Acerchem UK has any affiliates or subsidiaries incorporated in California or conducting business here. They do not have any offices, facilities, telephone numbers, executives or other employees located in California, nor does either own or lease any realty or personalty or have any bank accounts or loans in this state. They hold no licenses in California and neither has registered any agent for service of process nor is registered with the state to do business here. Prior to this case, neither Acerchem International nor Acerchem UK had ever previously been sued or brought suit in any California state or federal courts.

Nor does the Court have limited personal jurisdiction in this case because the federal copyright infringement claims being pursued by plaintiffs Axiom Foods, Inc. and Growing Naturals, LLC ("Plaintiffs") do not arise from specific conduct in California by which Acerchem UK purposefully availed itself of the privilege of conducting activities here, thereby invoking the benefits and protections of state laws.

---

[1] Defendant Acerchem International has not yet been served with the Summons and Complaint in this action and makes no appearance by this motion. Tangl Decl. ¶ 2.

1    Finally, even if the Court did have personal jurisdiction in this case, however, Plaintiffs have failed as a matter of law to state a claim upon which relief can be granted. Although they allege that the defendants infringed their rights by copying Plaintiffs' *visual* materials, such works were instead registered with the United States Copyright Office as works of *literature*. Given that Plaintiffs lack registrations under the appropriate classification, they therefore lack standing to maintain this action.

In sum, there is no factual or legal basis on which this action can be maintained in this Court, and it is respectfully requested that the action be dismissed in its entirety with prejudice.

## II.    FACTUAL ALLEGATIONS

Plaintiffs' key allegations (the truth of which is of course not hereby admitted) are as follows. Plaintiffs, manufacturers of natural and organic nutritional supplements, claim to own registered federal copyrights in certain sales sheets, websites and logos, including especially an "As Good As Whey" logo and a "Non-GMO" logo. Complaint ¶¶ 9–10. They claim that Acerchem International and Acerchem UK infringed such copyrights by distributing one single email message in November 2014 containing relatively small reproductions of such logos without license or authorization. *Id.* ¶¶ 11–12, Exh. G.

## III.   THE COURT LACKS PERSONAL JURISDICTION

Personal jurisdiction (or "in personam" jurisdiction) refers to a court's power to render a judgment that compels the defendant's obedience or imposes obligations on the defendant that will be enforced by other courts. *Burnham v. Superior Court (Burnham)*, 495 U.S. 604, 608–9, 110 S. Ct. 2105 (1990). A judgment rendered against a defendant by a court lacking personal jurisdiction violates the defendant's due process rights and is void unless the defect is waived. *Id.* at 608.

In a federal court, the starting point in any personal jurisdiction analysis is always the "long arm" statute of the state in which the court is located. *See, e.g.*, *Aanestad v. Beech Aircraft Corp.*, 521 F.2d 1298, 1300 (9th Cir. 1975); *see also* Fed.

R. Civ. P. 4(k)(1)(A). California's long arm statute permits courts of this state to exercise jurisdiction "on any basis not inconsistent with the Constitution of this state or of the United States." Cal. Civ. Proc. Code § 410.10 (2002). Thus, in California state courts and federal courts located within the state, the jurisdictional analysis under state law and federal due process is the same. *Roth v. Garcia Marquez*, 942 F.2d 617, 620 (9th Cir. 1991).

For courts located in a particular state to be able to exercise personal jurisdiction over a nonresident party, due process requires that such nonresident "have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316–17, 66 S. Ct. 154 (1945) (citation omitted). This test "is not susceptible of mechanical application; rather, the facts of each case must be weighed to determine whether the requisite affiliating circumstances are present." *Kulko v. California Superior Court*, 436 U.S. 84, 92, 98 S. Ct. 1690 (1978) (internal quotations omitted).

"Once it has been decided that a defendant purposefully established minimum contacts within the forum State, these contacts may be considered in light of other factors to determine whether the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476, 105 S. Ct. 2174 (1985) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292, 100 S. Ct. 559 (1985)).

"The burden of proof is on the plaintiff to show that jurisdiction is appropriate" where, as here, a defendant moves to dismiss the complaint for lack of personal jurisdiction. *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990) (citing *Data Disc, Inc. v. Systems Tech. Assoc., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977) ("It is clear that the party seeking to invoke the jurisdiction of the federal court has the burden of establishing that jurisdiction exists")); *see also Love v. Associated Newspapers, Ltd.*, 611 F.3d 601, 608 (9th Cir. 2010) ("The plaintiff bears the burden of demonstrating

that jurisdiction is appropriate").

## A. The Court Lacks General Jurisdiction

There are two types of personal jurisdiction: general and specific. General jurisdiction is present only when the defendant's activities within the forum state are sufficiently "substantial" or "continuous and systematic" to satisfy the requirements of due process. *Perkins v. Benguet Mining Co.*, 342 U.S. 437, 445, 72 S. Ct. 413 (1952). By contrast, specific (or "limited") jurisdiction exists where the defendant's activities within the forum state are not so extensive as to support asserting general jurisdiction, but it is nevertheless fair to exercise jurisdiction because the plaintiff's cause of action arises out of or relates to the foreign defendant's activities conducted within the state.

The standard for establishing general jurisdiction is "fairly high" (*Brand v. Menlove Dodge*, 796 F.2d 1070, 1073 (9th Cir. 1986)) and requires that the defendant's contacts be of the sort that approximate physical presence in the state. *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1331 (9th Cir. 1984). "This is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004) (citing *Brand v. Menlove Dodge*, 796 F.2d 1070, 1073 (9th Cir. 1986) (collecting cases where general jurisdiction was denied despite defendants' significant contacts with forum)).

Factors to be taken into consideration include whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there. *Hirsch v. Blue Cross, Blue Shield of Kansas City*, 800 F.2d 1474, 1478 (9th Cir. 1986). "[P]urchases and related trips, standing alone, are not a sufficient basis for a State's assertion of jurisdiction." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417, 104 S. Ct. 1868 (1984) (no general jurisdiction over foreign

corporation that sent officers to forum state for negotiating session, accepted checks drawn from forum bank, purchased equipment from forum and sent personnel to forum for training).

Jurisdiction is proper only where the contacts proximately result from actions by the defendant that create a "substantial connection" with the forum state. *McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 223, 78 S. Ct. 199 (1957). Thus, where the defendant "deliberately" engages in significant activities within a state (*Keeton v. Hustler Magazine, Inc.*, 465 U.S. at 781) or has created "continuing obligations" between itself and residents of the forum (*Travelers Health Ass'n v. Virginia*, 339 U.S. 643, 648, 70 S. Ct. 927 (1950)), the defendant has availed itself of the privilege of conducting business there and, because its activities are shielded by the "benefits and protections" of the forum's laws, it is presumptively not unreasonable to require it to submit to the burdens of litigation in that forum as well. *Burger King Corp.*, 471 U.S. at 476.

Contrary to Plaintiffs' bare and conclusory allegations, Acherchem UK comes nowhere remotely close to maintaining the sort of substantial or continuous and systematic contacts with California that would be necessary to subject it to general jurisdiction here. *See* Complaint ¶ 6. It is a limited company organized and existing under the laws of the United Kingdom with its principal place of business located there. Tang Decl. ¶ 3. Acherchem UK is a wholly-owned subsidiary of defendant Acerchem International, a wholesale manufacturer of health and nutrition products such as health foods, nutritional supplements and beauty care items based in Shanghai, China. *Id.* ¶ 2.

Acerchem UK engages in no business whatsoever in California. *Id.* ¶ 6. Neither Acerchem International nor Acerchem UK has any affiliates or subsidiaries incorporated in California or conducting business here. They do not have any offices, facilities, telephone numbers, executives or other employees located in California, nor does either own or lease any realty or personalty or have any bank accounts or loans

1 in this state. They hold no licenses in California and neither has registered any agent
2 for service of process nor is registered with the state to do business here. Prior to this
3 case, neither Acerchem International nor Acerchem UK had ever previously been
4 sued or brought suit in any California state or federal courts. *Id.* ¶ 5.

5       In sum, "general jurisdiction is an exacting standard" and this foreign
6 defendant's contacts with the State of California (which are non-existent) do not
7 remotely satisfy the standard. *Zeta-Jones v. Spice House*, 372 F. Supp. 2d 568, 573
8 (C.D. Cal. 2005).

9       **B.**    **The Court Lacks Specific Jurisdiction**

10       If a defendant's activities within the state do not justify general jurisdiction, a
11 court may sometimes nevertheless exercise limited jurisdiction over a particular cause
12 of action that arises directly out of the defendant's forum-related activities. *Rano v.*
13 *Sipa Press, Inc.*, 987 F.2d 580, 588 (9th Cir. 1993). The test for limited personal
14 jurisdiction has three parts: (1) the defendant must perform an act or consummate a
15 transaction within the forum, purposefully availing itself of the privilege of
16 conducting activities in the forum and invoking the benefits and protections of its
17 laws; (2) the plaintiff's claim(s) must arise out of or result from the defendant's
18 forum-related activities; and (3) exercise of jurisdiction must be reasonable. *Id.*; *see*
19 *also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475–76, 105 S. Ct. 2174 (1985).

20       **1.**    **The Defendant Did Not Perform an Act or Consummate a**
21           **Transaction Within California, Nor Do Plaintiffs' Claims Arise**
22           **From Any Such Activity**

23       "[I]t is essential in each case that there be some act by which the defendant
24 purposefully avails itself of the privilege of conducting activities within the forum
25 State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357
26 U.S. 235, 253, 78 S. Ct. 1228 (1958). This ensures that a defendant will not be haled
27 into a jurisdiction solely as a result of "random," "fortuitous," or "attenuated"
28 contacts (*Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774, 104 S. Ct. 1473

1  (1984); *World-Wide Volkswagen*, 444 U.S. at 299) or of the "unilateral activity of
2  another party or a third person." *Helicopteros Nacionales de Colombia, S. A. v. Hall*,
3  466 U.S. 408, 417, 104 S. Ct. 1868 (1984).

4        Here, Plaintiffs' entire case arises from one single email message written by an
5  Acerchem UK employee named Elva Li. Complaint ¶¶ 12–13, Exh. G. That message,
6  which forms the sole basis for this suit, was authored by Ms. Li in the United
7  Kingdom and distributed to approximately 300 target customers located primarily in
8  Western Europe. No more than 10—approximately 3%—of its direct recipients were
9  located in California. Tang Decl. ¶ 4.

10       Just one such single online act that may only fortuitously and peripherally
11 involve California certainly comes nowhere close to constituting the sort of
12 "purposeful availment" that would be legally required to justify the exercise of
13 personal jurisdiction. *Boschetto v. Hansing*, 539 F.3d 1011, 1019 (9th Cir. 2008); *see*,
14 *e.g.*, *Consulting Engineers Corp. v. Geometric Ltd.*, 561 F.3d 273, 281 (4th Cir. 2009)
15 ("an exchange of four brief emails, several telephone conversations . . . and the
16 exchange of the various drafts . . . do not make out a prima facie showing of a
17 sufficient jurisdictional basis to survive challenge"); *Fenn v. Mleads Enterprises,*
18 *Inc.*, 137 P.3d 706, 711 (Utah 2006) ("The activity that gave rise to this claim, namely
19 the sending of an unsolicited email advertisement, created an insubstantial contact
20 with [the state] under the federal due process analysis").

21       **2.**    **Exercise of Jurisdiction Would Not Be Reasonable**

22       Factors to be considered in determining whether the exercise of jurisdiction
23 over a nonresident defendant satisfies the reasonableness test include the following.
24 *Roth*, 942 F.2d at 623.

25 •     **The extent of the defendant's purposeful interjection into the forum state's**
26       **affairs:** As discussed above, Acerchem UK has not invoked the benefits and
27       protections of California law by conducting any business activities within this
28       state.

1 • **The burden on the defendant:** It would be unduly burdensome to require Acerchem UK, an English company, to continue to maintain its defense in this case halfway around the world. Tang Decl. ¶ 6. "The unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders." *Asahi Metal Industry Co., Ltd. v. Superior Court (Cheng Shin Rubber Industrial Co., Ltd.)*, 480 U.S. 102, 114, 107 S. Ct. 1026 (1987).

• **Conflicts of law between the forum and defendant's home jurisdiction:** The copyright laws of the United States and the United Kingdom differ in many significant regards. *See generally* Lionel Bently (ed.), *International Copyright Law and Practice* (LexisNexis, 2015).

• **The existence of an alternative forum:** If Plaintiffs believed that Acerchem UK had conducted some infringing actions in England, then they could conceivably seek relief in the courts of that nation under British copyright law. Otherwise, however, the copyright laws of the United States have no application outside of the nation's borders. *Subafilms, Ltd. v. MGM-Pathe Communications Co.*, 24 F.3d 1088, 1095 (9th Cir. 1994).

All of these factors lead to the conclusion that it would not be reasonable to compel Acerchem UK to remain in this case. "Considering the international context, the heavy burden on the alien defendant, and the slight interests of the plaintiff and the forum State, the exercise of personal jurisdiction by a California court . . . in this instance would be unreasonable and unfair." *Asahi*, 480 U.S. at 116.

## IV. THE COMPLAINT FAILS TO STATE A COGNIZABLE CLAIM

Notwithstanding the aforesaid arguments, even if the Court were to exercise personal jurisdiction over Acerchem UK, Plaintiffs' operative pleading fails to state a claim upon which relief can be granted.

The sole ground for Plaintiffs' claims of copyright infringement is that the

1 defendants infringed Plaintiffs' rights by copying *visual* "materials, including but not limited to the 'As Good As Whey' logo and the 'Non-GMO' logo." Complaint ¶ 12. However, such works were instead registered with the United States Copyright Office as works of *literature*. *Id.* Exhs. A–D. Given that Plaintiffs lack registrations under the appropriate classification, they lack standing to maintain this action, as registration is a procedural prerequisite for any copyright infringement claim. 17 U.S.C. § 411(a) ("no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made").

"For the purpose of registration, the Register of Copyrights has prescribed the classes of works in which copyright may be claimed," namely: (1) Nondramatic literary works (Class TX); (2) Works of the performing arts (Class PA); (3) Works of the visual arts (Class VA); (4) Sound recordings (Class SR); and (5) Serials (Class SE). 37 C.F.R. § 202.3(b)(2).

Here, for whatever reason, Plaintiffs chose to register their sales sheets, websites and logos (which Plaintiffs claim Acerchem UK infringed by its circulation of one email message) as literary works in Class TX. Complaint Exhs. A–D. "This class includes all published and unpublished nondramatic literary works. Examples: Fiction; nonfiction; poetry; textbooks; reference works; directories; catalogs; advertising copy; and compilations of information." 37 C.F.R. § 202.3(b)(2)(i). Consequently, Plaintiffs' registrations only extend to the textual components of their works.

However, it is apparent from Plaintiffs' allegations that the claimed similarities between their works and Acerchem UK's allegedly infringing email message are instead primarily visual in nature. Accordingly, Plaintiffs should instead have registered their sales sheets, websites and logos as works of visual art under Class VA. "This class includes all published and unpublished pictorial, graphic, and sculptural works. Examples: Two dimensional and three dimensional works of the

fine, graphic, and applied arts; photographs; prints and art reproductions; maps, globes, and charts; technical drawings, diagrams, and models; and pictorial or graphic labels and advertisements." 37 C.F.R. § 202.3(b)(2)(iii). Plaintiffs' failure to register in the appropriate class is fatal to their copyright infringement claims. *Valley Entertainment, Inc. v. Friesen*, 691 F.Supp.2d 821, 824 (N.D. Ill. 2010).

For example, in *Jefferson Airplane v. Berkeley Systems, Inc.*, 886 F.Supp. 713 (N.D. Cal. 1994), the court observed:

> A plaintiff may not bring an action for copyright infringement unless the copyright claim is registered with the Copyright Office of the United States. Such registration is a jurisdictional prerequisite to a suit for infringement. For plaintiffs to state a claim for which relief can be granted, and for the Court to assert jurisdiction over this case, the Court must find that the registered copyright claim . . . includes the disputed artwork that appears on the cover of the published record album and compact disc.

*Id.* at 714–15 (citations omitted). Because the plaintiff' sound recording registration (Class SR) did not encompass the cover art (Class VA), the court dismissed their infringement claim pursuant to Rule 12(b)(6). *Id.* at 715. Likewise, Plaintiffs' case here should be dismissed for failure to state a claim.[2]

## V. CONCLUSION

Based on the foregoing, it is respectfully requested that the Court enter an order dismissing this action in its entirety without leave to amend for lack of personal jurisdiction and/or for failure to state a claim upon which relief can be granted.

DATE: June 3, 2015

LAVELY & SINGER
PROFESSIONAL CORPORATION
BRIAN G. WOLF
HENRY L. SELF III

By: _____/S/_____
HENRY L. SELF III
Attorneys for Defendant
ACERCHEM UK LIMITED

---

[2] Moreover, Plaintiffs fail to state a claim because the single act of alleged infringement here also plainly qualifies as *de minimis* and fair use of their works.