RYAN D. LAPIDUS (Bar No. 196838)
Email: ryan@lapiduslaw.com
DANIEL C. LAPIDUS (Bar No. 227170)
Email: dan@lapiduslaw.com
JIM D. BAUCH (Bar No. 199454)
Email:  jim@lapiduslaw.com
LAPIDUS & LAPIDUS
A PROFESSIONAL LAW CORPORATION
177 SOUTH BEVERLY DRIVE
BEVERLY HILLS, CALIFORNIA 90212
TEL: 310-550-8700
FAX: 310-943-2471

Attorneys for Plaintiffs
Axiom Foods, Inc. and Growing Naturals, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AXIOM FOODS, INC., a California corporation,; GROWING NATURALS, LLC, an Arizona limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>ACERCHEM INTERNATIONAL, INC., an entity of unknown origin; and ACERCHEM UK LIMITED, a United Kingdom limited company,<br><br>Defendants. | CASE NO.:  CV15-870-PA (AJWx)<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT ACERCHEM UK LIMITED'S MOTION TO STRIKE**<br><br>Hearing<br>Date: July 6, 2015<br>Time: 1:30 p.m.<br>Courtroom: 15<br>Judge: Hon. Percy Anderson |

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Acerchem UK Limited moves to strike the prayers included in Plaintiffs' Complaint for statutory damages and attorneys' fees.  The Court should deny Defendant's Motion for two separate reasons.

*First*, Defendant's Motion requests relief that this Court cannot provide.  FRCP Rule 12(f) permits a district court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter."[1]  Here, Defendant does not contend that Plaintiffs' prayers for statutory damages and attorneys' fees fall under any of these conditions.  Instead, Defendant claims that Plaintiff is not entitled to such relief as a matter of law.  A similar argument has already been rejected by the 9th Circuit when a district court granted a defendant's motion to strike a plaintiff's claims for lost profits and consequential damages.  In reversing the district court's granting of the motion to strike the damages prayers, the 9th Circuit Court held that "Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974-975 (9th Cir. 2010). Like the motion deemed improper in *Whittlestone*, Defendant's Motion seeks relief that the Court cannot provide pursuant to Rule 12(f) and can be denied on this basis alone.

*Second*, even if Rule 12(f) permitted the relief sought by Defendant, the Motion must be denied because it is premature.  Defendant correctly states that statutory damages and attorneys' fees are not recoverable for acts of infringement occurring prior to the date of copyright registration.  Based on the fact that the date on the exemplar of infringement attached to Plaintiffs' Complaint precedes

---

[1] FRCP Rule 12(f) differs from California Code of Civil Procedure section 436 in that it only specifies "redundant, immaterial, impertinent, or scandalous" matters and not the broader discretion granted to state courts to to strike any "false, or improper matter … [or] any part of any pleading not drawn or filed in conformity with the laws of this state, a court rule, or an order of the court."  Code Civ. Proc. § 436

the date of registration, Defendant asks the Court to rule, as a matter of law, that Defendant <u>never</u> infringed on Plaintiffs' registered copyrights.  In other words, Defendants seek to have the Court determine as a matter of law that Plaintiffs will never discover any evidence of infringing acts occurring since the date of registration.  At this early stage of the litigation, the Court simply cannot make such a finding and Defendant's Motion can be denied on this basis as well.

For each of the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendant's Motion to Strike.


DATED: June 15, 2015            LAPIDUS & LAPIDUS
                                A PROFESSIONAL LAW CORPORATION


                                _____/s/_____
                                JIM D. BAUCH
                                Attorneys for Plaintiffs
                                Axiom Foods, Inc. and Growing Naturals, LLC

---

PLAINTIFFS' OPPOSITION TO MOTION TO STRIKE - 3