1   **BRIAN G. WOLF (BAR NO. 135257)**
    **HENRY L. SELF (BAR NO. 223153)**
2   **LAVELY & SINGER**
    **PROFESSIONAL CORPORATION**
3   2049 Century Park East, Suite 2400
    Los Angeles, California 90067-2906
4   Telephone: (310) 556-3501
    Facsimile: (310) 556-3615
5   Email: bwolf@lavelysinger.com
            hself@lavelysinger.com
6
    Attorneys for Defendant
7   ACERCHEM UK LIMITED

8

9                   UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11

12  AXIOM FOODS, INC., a California    )   CASE NO. CV15-870 PA (AJWx)
    corporation; GROWING              )
13  NATURALS, LLC, an Arizona         )   **REPLY IN SUPPORT OF MOTION**
    limited liability company,        )   **TO STRIKE (FRCP 12(f))**
14                                    )
                 Plaintiffs,          )   Date:      July 6, 2015
15                                    )   Time:      1:30 p.m.
         v.                           )   Ctrm:      15
16                                    )
    ACERCHEM INTERNATIONAL,           )   [Hon. Percy Anderson, Courtroom 15]
17  INC., an entity of unknown origin;)
    and ACERCHEM UK LIMITED, a        )
18  United Kingdom limited liability  )
    company,                          )
19                                    )
                 Defendants.          )
20  _____    )

21

22

23

24

25

26

27

28

It is very well-established that, in addition to any insufficient defense or material that is redundant, immaterial, impertinent or scandalous, "[th]e Court may also strike under Fed.R.Civ.P. 12(f)[1] a prayer for relief which is not available as a matter of law." *Susilo v. Wells Fargo Bank, NA*, 796 F.Supp.2d 1177, 1196 (C.D. Cal. 2011) (citing *Tapley v. Lockwood Green Eng'rs*, 502 F.2d 559, 560 (8th Cir. 1974)); *see also Stearns v. Select Comfort Retail Corp.*, 763 F.Supp.2d 1128, 1139 (N.D. Cal. 2010); *Spencer v. DHI Mortg. Co., Ltd.*, 642 F.Supp.2d 1153, 1169 (E.D. Cal. 2009); *Shabaz v. Polo Ralph Lauren Corp.*, 586 F.Supp.2d 1205 (C.D. Cal. 2008); *Arcilla v. Adidas Promotional Retail Operations*, 488 F.Supp.2d 965, 968 (C.D. Cal. 2007); *Bureerong v. Uvawas*, 922 F.Supp. 1450, 1479 n.34 (C.D. Cal. 1996).

Ignoring this longstanding principle, plaintiffs Axiom Foods, Inc. and Growing Naturals, LLC ("Plaintiffs") nonetheless contend that *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970 (9th Cir. 2010)—which in fact preceded Judge Snyder's above-quoted 2011 *Susilo* decision—somehow prevents the Court from striking Plaintiffs' requests for statutory damages, costs and attorneys' fees, which are plainly unavailable as a matter of law based on the facts alleged on the face of Plaintiffs' Complaint.

The Ninth Circuit's ruling in *Whittlestone* was not so broad, however. In that case, the court merely ruled that the district court had erred in granting a motion to strike the plaintiff's prayer for lost profits and consequential damages, and held "that Rule 12(f) of the Federal Rules of Civil Procedure does not authorize a district court to dismiss a claim *for damages* on the basis it is precluded as a matter of law." *Id.* at 976 (emphasis added). Here, the defendant seeks to strike not a prayer for actual or consequential damages, but rather for statutory damages, costs and attorneys' fees.

---

[1]   In the alternative, prayers for unavailable remedies may also be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). *See In re Toyota Motor Corp.*, 790 F.Supp.2d 1152, 1170 (C.D. Cal. 2011); *In re Toyota Motor Corp.*, 754 F.Supp.2d 1145, 1169–70 (C.D. Cal. 2010). It is respectfully requested that the Court instead do so should it be so inclined.

*Whittlestone* in no way prevents the Court from doing so.

Plaintiffs also suggest that they might possibly later discover one or more additional infringements occurring after the dates of their respective copyright registrations, thus giving rise to possible awards of statutory damages, costs and/or attorneys' fees. If that were ever to occur (which it will not), then Plaintiffs could and should simply seek leave to amend their complaint to add such additional claims and remedies at the appropriate time. Fed. R. Civ. P. 15(a)(2).

DATE: June 22, 2015

LAVELY & SINGER
PROFESSIONAL CORPORATION
BRIAN G. WOLF
HENRY L. SELF III


By: _____/S/_____
HENRY L. SELF III
Attorneys for Defendant
ACERCHEM UK LIMITED