1  **BRIAN G. WOLF (BAR NO. 135257)**
   **HENRY L. SELF (BAR NO. 223153)**
2  **LAVELY & SINGER**
   **PROFESSIONAL CORPORATION**
3  2049 Century Park East, Suite 2400
   Los Angeles, California 90067-2906
4  Telephone: (310) 556-3501
   Facsimile: (310) 556-3615
5  Email: bwolf@lavelysinger.com
          hself@lavelysinger.com
6
   Attorneys for Defendant
7  ACERCHEM UK LIMITED

8

9                    UNITED STATES DISTRICT COURT

10                   CENTRAL DISTRICT OF CALIFORNIA

11

12  AXIOM FOODS, INC., a California    )  CASE NO. CV15-870 PA (AJWx)
    corporation; GROWING              )
13  NATURALS, LLC, an Arizona         )  **REPLY IN SUPPORT OF MOTION**
    limited liability company,        )  **TO DISMISS FOR LACK OF**
14                                    )  **PERSONAL JURISDICTION**
              Plaintiffs,             )  **(FRCP 12(b)(2)) OR, IN THE**
15                                    )  **ALTERNATIVE, SPECIAL**
         v.                           )  **APPEARANCE MOTION TO**
16                                    )  **DISMISS FOR FAILURE TO**
    ACERCHEM INTERNATIONAL,           )  **STATE A CLAIM (FRCP (b)(6));**
17  INC., an entity of unknown origin;)  **DECLARATION OF ELVA LI**
    and ACERCHEM UK LIMITED, a        )
18  United Kingdom limited liability  )  Date:    July 6, 2015
    company,                          )  Time:    1:30 p.m.
19                                    )  Ctrm:    15
              Defendants.             )
20  _____   )  [Hon. Percy Anderson, Courtroom 15]

21

22

23

24

25

26

27

28

## I. INTRODUCTION

In response to the instant motion to dismiss defendant Acerchem UK Limited ("Acerchem UK") for lack of personal jurisdiction, plaintiffs Axiom Foods, Inc. and Growing Naturals, LLC do not even attempt to contend that the Court could exercise general jurisdiction, which it could not. They instead invoke the "effects test" whereby specific jurisdiction may be found when a nonresident defendant (1) engages in intentional conduct (2) expressly aimed at the plaintiff(s) in the forum state (3) causing them harm which the defendant knows is likely to be suffered there. Because Acerchem UK neither committed intentional copyright infringement nor specifically targeted its actions at Plaintiffs in California, the test does not apply in this case.

And, even if the Court did have personal jurisdiction over Acerchem UK, Plaintiffs have still failed as a matter of law to state a claim upon which relief can be granted because they lack copyright registrations under the classification corresponding to the rights that they seek to enforce, and therefore do not possess standing to maintain this infringement action.

## II. THE COURT LACKS SPECIFIC PERSONAL JURISDICTION

Plaintiffs contend that, despite its total lack of any offices, facilities, telephone numbers, executives, employees, realty, personalty, bank accounts, loans, licenses, agents for service of process, business registrations or litigation in the State of California, Acerchem UK should nonetheless be subject to personal jurisdiction here solely because one of its overseas employees authored a single email message that allegedly infringed one or more copyrights claimed to be owned by Plaintiffs, who just so happen to be located here. Plaintiffs' Opposition to Motion to Dismiss, June 15, 2015 [Dckt. No. 20] at 7 (citing *Washington Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668 (9th Cir. 2012).

"But the plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the

forum State that is the basis for its jurisdiction over him. To be sure, a defendant's contacts with the forum State may be intertwined with his transactions or interactions with the plaintiff or other parties. But a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction." *Walden v. Fiore*, 571 U.S. __, 134 S.Ct. 1115, 1122–23 (2014) (citations omitted); *see also id.* at 1126 ("the mere fact that [defendant']s conduct affected plaintiffs with connections to the forum State does not suffice to authorize jurisdiction").

The so-called "purposeful direction" or "effects test" that originated in defamation law does not apply in this case. *See Calder v. Jones*, 465 U.S. 783, 104 S.Ct. 1482 (1984). "Under the *Calder* line of cases, personal jurisdiction is appropriate where a non-resident defendant engages in (1) intentional actions (2) expressly aimed at the forum state (3) causing harm, the brunt of which is suffered—and which the defendant knows is likely to be suffered—in the forum state." *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 243 F.Supp.2d 1073, 1088 (C.D. Cal. 2002). Here, neither the first nor second of the foregoing elements is satisfied because Acerchem did not engage in any "intentional, and allegedly tortious, actions . . . expressly aimed at California." *Calder v. Jones*, 465 U.S. 783, 789, 104 S.Ct. 1482 (1984).

**A. The Defendant Did Not Intentionally Infringe Plaintiffs' Copyrights**

Personal jurisdiction resulting from effects felt inside the forum "must be based on *intentional* conduct by the defendant that creates the necessary contacts with the forum." *Walden*, 134 S.Ct. at 1123 (emphasis added); *see also Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) ("The non-resident defendant must *purposefully* direct his activities or consummate some transaction with the forum or resident thereof") (emphasis added).

Indeed, in every single authority that Plaintiffs cite, specific jurisdiction was expressly founded upon the defendants' *willful* tortious acts. *See, e.g., Washington Shoe Co.*, 704 F.3d at 670 (defendant "willfully violated a copyright held by a

Washington corporation"); *Mavrix Photo, Inc. v. Brand Technologies, Inc.*, 647 F.3d 1218, 1229 (9th Cir. 2011) (defendant "acted intentionally reposting the allegedly infringing photos"); *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1129 (9th Cir. 2010) ("Recordon engaged in willful copyright infringement targeted at Brayton Purcell"); *Columbia Pictures Television v. Krypton Broadcasting of Birmingham, Inc.*, 106 F.3d 284, 289 (9th Cir. 1997) ("Feltner willfully infringed copyrights owned by Columbia"); *Mavrix Photo, Inc. v. Brand Technologies, Inc.*, 647 F.3d 1218, 1229 (9th Cir. 2011) (intentional infringement of photographs); *Metro-Goldwyn-Mayer Studios Inc.*, 243 F.Supp.2d at 1089 (defendants infringed plaintiffs' copyrights through "willful, intentional and purposeful" conduct); *Amini Innovation Corp. v. JS Imports Inc.*, 497 F.Supp.2d 1093, 1107 (C.D. Cal. 2007) ("AICO alleges that defendants willfully infringed its copyrights and design patents").

Here, by contrast, Acerchem UK did not engage in intentional copyright infringement. Plaintiffs' entire case arises from one single email message written by an Acerchem UK employee named Elva Li,[1] which was distributed in November 2014 to approximately 300 target customers located primarily in Western Europe and contains relatively small reproductions of certain graphic images (*e.g.*, "As Good As Whey" and "Non-GMO" logos) that Plaintiffs claim to own. Complaint ¶¶ 11–12, Exh. G.

The purpose of the message was to promote rice protein products. When preparing it, Ms. Li therefore entered "rice protein" and similar terms into an online search engine in order to locate helpful information and images to potentially include therein. Among other things, the search results included the icons at issue in this

---

[1] Plaintiffs make much of the fact that signature line in Ms. Li's email message contains the words "LosAngels," misinterpreting it as an indication that Acerchem UK has a Los Angeles office, which the defendant does not. Rather, it merely reflects that Los Angeles is one of the international port cities to which products may be shipped. Li Decl. ¶ 6.

action, such as the "Non-GMO" and "As Good As Whey" symbols. Because such phrases are used very commonly in the parties' industry and accurately describe her company's rice protein products, she used those icons in the email message. Ms. Li does not recall from what website or sites they may have originated. Declaration of Elva Li, June 19, 2015 ("Li Decl.") ¶ 4.

Within the law of copyright infringement, "'willfully' means with knowledge that the defendant's conduct constitutes copyright infringement." *Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1335 n.3 (9th Cir. 1990) (citation and quotations omitted). That standard is not met here. In authoring and sending her email message, it was certainly not Ms. Li's intention or that of her employer to infringe anyone's copyrights. Li Decl. ¶ 5. They had no idea that the images were allegedly proprietary and reasonably understood them to belong to the public domain—a belief bolstered by Plaintiffs' failure to include therewith any copyright notice (©) or timely register such works until later. *Id.* Acerchem UK therefore did not engage in willful copyright infringement.

### B. The Defendant Did Not Expressly Target Plaintiffs

Even if *arguendo* Acerchem UK had in fact committed intentional copyright infringement (which it did not), "[h]owever, the effects test is not satisfied simply by showing that the tortious act was intentional. Rather, the intentional conduct must be 'targeted at a plaintiff whom the defendant knows to be a resident of the forum state.'" *Metro-Goldwyn-Mayer Studios Inc.*, 243 F.Supp.2d at 1089 (quoting *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000)).

> Subsequent cases have struggled somewhat with *Calder*'s import, recognizing that the case cannot stand for the broad proposition that a foreign act with foreseeable effects in the forum state always gives rise to specific jurisdiction. We have said that there must be "something more," . . . what the Supreme Court described as "express aiming" at the forum state.

*Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d at 1087 (citations omitted).

The "express aiming" requirement is satisfied when the defendant "engaged in

wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state." *Id.* It is not enough that the plaintiff resides in the forum state and may feel effects there; rather, the defendant must specifically direct the tortious activity to the forum state. *See Walden*, 134 S.Ct. at 1125 ("mere injury to a forum resident is not a sufficient connection to the forum"); *Casualty Assur. Risk Ins. Brokerage Co. v. Dillon*, 976 F. 2d 596, 601 (9th Cir. 1992) (refusing "to extend the 'effects' theory from *Calder* to encompass any jurisdiction where the plaintiff is present").

Acerchem UK does not deny being aware that Plaintiffs are located in California, but it did not and could not have expressly targeted its allegedly infringing conduct at them because the defendant did not even know that the images at issue were claimed to be created and owned by Plaintiffs until being named in this lawsuit. *See* Li Decl. ¶ 5. The second requisite element of the *Calder* effects test is thus not satisfied, and the Court therefore lacks personal jurisdiction. *Walden*, 134 S.Ct. at 1126.

### C. Plaintiffs Conflate the Activities of the Separate Defendants

Throughout their opposition, Plaintiffs all but ignore that Acerchem UK is a completely separate and distinct business entity from its parent company, defendant Acerchem International, Inc., which was never served with process. *See* Li Decl. ¶ 2. Plaintiffs inappropriately attempt to blur the activities of the two together for purposes of personal jurisdiction. *See*, *e.g.*, Plaintiffs' Opposition to Motion to Dismiss, June 15, 2015 [Dckt. No. 20] at 12 ("Acerchem has in fact engaged in considerable business in California," "Acerchem imports significant amounts of rice protein," "Acerchem markets its products to California residents").

"It is well established," however, that "where a parent and a subsidiary are separate and distinct corporate entities, the presence of one . . . in a forum state may not be attributed to the other." *Holland America Line v. Wärtsilä North Amer.*, 485 F.3d 450, 459 (9th Cir. 2007). "Each defendant's contacts with the forum State must

1  be assessed individually." *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n.13, 104 S.Ct. 1473 (1984).

### D. Jurisdiction Is Not Proper Based on National Minimum Contacts

Without any significant analysis, Plaintiffs attempt to invoke Federal Rule of Civil Procedure 4(k)(2), which provides: "For a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if: (A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and (B) exercising jurisdiction is consistent with the United States Constitution and laws." Plaintiffs' argument fails because they have failed to establish either that Acerchem UK is not subject to jurisdiction in any other state or that the Court's "exercise of personal jurisdiction [would] comport with due process." *Holland America Line*, 485 F.3d at 461.

Regarding the latter point, as set forth in Acerchem UK's moving papers, this United Kingdom defendant does not maintain substantial or continuous and systematic contacts with the United States and, indeed, engages in no business whatsoever in anywhere in the nation. Declaration of Donald Tang, June 3, 2015 at ¶ 6. Again, as discussed immediately above, it is crucial to resist aggregating the activities of Acerchem UK with those of its parent corporation. *Doe v. Unocal Corp.*, 248 F.3d 915, 922–23 (9th Cir. 2001) (declining to impute subsidiaries' contacts under Rule 4(k)(2)). On the facts presented, exercise of jurisdiction would therefore not be proper in this case based on national minimum contacts. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1160 (9th Cir. 2006).

## III. THE COMPLAINT FAILS TO STATE A COGNIZABLE CLAIM

Plaintiffs lack standing as a result of their failure to register the allegedly infringed works with the United States Copyright Office in the appropriate category, *viz.*, Class VA for works of visual art, and choice of Class TX which covers "published and unpublished nondramatic literary works." 37 C.F.R. § 202.3(b)(2)(i).

1  "In cases where a work contains elements of authorship in which copyright is claimed
2  which fall into two or more classes, the application should be submitted in the class
3  most appropriate to the type of authorship that predominates in the work as a whole."
4  *Id.* at § 202.3(b)(2)(ii)(c). Plaintiffs counter with two equally unavailing responses.

5  First, they point to a help screen on the Copyright Office website that
6  accompanies its eCO Registration System. *See* http://www.copyright.gov/
7  eco/help-author.html#literary. However, that page merely offers applicants guidance
8  regarding which options to select in the online application in response to an
9  instruction to "Check the appropriate box(es) to indicate the author's contribution"
10 (Text, Editing, Photograph(s), Artwork, Compilation, Computer Program and/or
11 Other). The page does not actually state that Class TX registrations also extend to
12 encompass works of visual art but, even if it did, the actual law would still instead
13 control, and it provides that "all published and unpublished pictorial, graphic, and
14 sculptural works" instead belong in Class VA. 37 C.F.R. § 202.3(b)(2)(iii).

15 Finally, Plaintiffs invoke Section 411(b)(1) and the final sentence of Section
16 408(c)(1) of the Copyright Act, which states that the "administrative classification of
17 works has no significance with respect to the subject matter of copyright or the
18 exclusive rights provided by this title." 17 U.S.C. § 408(c)(1). That provision simply
19 "means that errors in the form used to register a work cannot serve as a basis for
20 invalidating the copyright," which (contrary to Plaintiffs' suggestion) Acerchem UK
21 does not seek to do. Melville B. Nimmer & David Nimmer, *Nimmer On Copyright*
22 § 2.03[F] (questioning "whether it is possible to divorce the Register's classification
23 system from *any* 'significance'").

24 Acerchem UK does not dispute the validity of Plaintiffs' Class TX registrations
25 generally insofar as they extend to the textual components of the works at issue.
26 Rather, the defendant's point is that such registrations, albeit valid, do not afford
27 them standing to pursue this infringement action for alleged visual similarities
28 between the parties' respective works. *Jefferson Airplane v. Berkeley Systems, Inc.*,

886 F.Supp. 713, 715 (N.D. Cal. 1994); *Valley Entertainment, Inc. v. Friesen*, 691 F.Supp.2d 821, 824 (N.D. Ill. 2010).

## IV. CONCLUSION

Based on the foregoing, it is respectfully requested that the Court enter an order dismissing this action in its entirety without leave to amend for lack of personal jurisdiction and/or for failure to state a claim upon which relief can be granted.

DATE: June 22, 2015

LAVELY & SINGER
PROFESSIONAL CORPORATION
BRIAN G. WOLF
HENRY L. SELF III


By: _____/S/_____
       HENRY L. SELF III
Attorneys for Defendant
ACERCHEM UK LIMITED