**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-870 PA (AJWx) | | Date | September 11, 2015 |
|---|---|---|---|---|
| Title | Axiom Foods, Inc., et al. v. Acerchem Int'l, Inc., et al. | | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes Kerr | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**          IN CHAMBERS - COURT ORDER

Before the Court are a Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, Special Appearance Motion to Dismiss for Failure to State a Claim (Docket No. 18) and a Motion to Strike (Docket No. 17) filed by defendant Acerchem UK, Ltd. ("Acerchem UK").[1] Plaintiffs Axiom Foods, Inc. ("Axiom") and Growing Naturals, LLC ("GN") (collectively "Plaintiffs") have filed Oppositions to both Motions.  (Docket Nos. 20, 21.)  Acerchem UK has filed a Reply in support of each.  (Docket Nos. 23, 24.)  Following jurisdictional discovery, Plaintiffs filed a Supplemental Opposition to the Motion to Dismiss.  (Docket No. 29.)  Acerchem UK filed a Supplemental Reply.  (Docket No. 30.)

Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-16, the Court finds that these matters are appropriate for decision without oral argument.  The hearings calendared for September 14, 2015 are vacated, and the matters taken off calendar.

I.      **Factual & Procedural Background**

Plaintiffs are Axiom, a California corporation, and GN, an Arizona limited liability company. Both do business in the Central District of California.  Axiom is a supplier of "organic and chemical-free products made from whole grain brown rice, peas, and other superfoods."  (Complaint ¶ 1.)  GN develops and markets natural products, working "closely" with Axiom and selling "products based on and containing Axiom's products."  (Id. ¶ 2.)  Plaintiffs own copyright registrations for certain advertising materials, including logos touting products as "As Good As Whey" and "Non-GMO."  (Id. ¶¶ 9, 10.)  All of these copyrights are registered as "literary works" in the Class TX.  (Id., Exs. A-D.)

Defendants are Acerchem UK and its parent company, Acerchem International.  Defendants allegedly compete with Plaintiffs in the manufacture of rice protein products.  (Id. ¶ 3.)  Acerchem UK

---

[1]      Acerchem UK is a subsidiary of defendant Acerchem International, Inc. ("Acerchem International").  Acerchem International has not been served with the Summons and Complaint and has not yet made an appearance.

**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-870 PA (AJWx) | | Date | September 11, 2015 |
|---|---|---|---|---|
| Title | Axiom Foods, Inc., et al. v. Acerchem Int'l, Inc., et al. | | | |

is a limited liability company "organized and existing under the laws of the United Kingdom with its principal place of business located there."  (Motion to Dismiss ("MTD") at 5.)[2/]  According to Acerchem UK, neither it nor its parent "ha[s] any offices, facilities, telephone numbers, executives or other employees located in California, nor does either own or lease any realty or personalty or have any bank accounts or loans in this state.  They hold no licenses in California and neither has registered any agent for service of process nor is registered with the state to do business here."  (Id. at 5-6.)  Plaintiffs contend that Acerchem UK misrepresents the extent of its business in California and the United States.  According to Plaintiffs, Acerchem employees "attend trade shows in Anaheim, and have met with and had business discussions with Plaintiffs' employees, and shipped product samples to Plaintiff's offices in California."  (MTD Opp. at 4.)  However, Plaintiffs conflate Acerchem International with Acerchem UK.  For example, Plaintiffs' declarations include correspondence with employees whose signature blocks identify them as representatives of "Acerchem International" (see Declaration of Heather Szucs) and customs records for Acerchem International (see Declaration of Jonathan Reed Powell).

Acerchem UK concedes that its employee, Elva Li ("Li"), sent an email newsletter to potential customers that included Plaintiffs' "As Good as Whey" and "Non-GMO" logos in November 2014.  (MTD at 7-9.)  Defendant claims that the newsletter was sent to 300 target customers, of whom "no more than 10" were located in California.  (MTD at 7.)  Following jurisdictional discovery, Plaintiffs claim that the newsletter was actually sent to 343 different email addresses, "including 55 recipients with companies based in California and 70 other recipients with American companies outside of California."  (MTD Supp. Opp. at 4.)  Li has submitted a declaration explaining that she collected materials for the newsletter by entering "'rice protein' and similar terms into an online search engine."  (June 19, 2015 Li Decl. ¶ 4.)  She claims that she "had no idea that the images were allegedly created or owned by Plaintiffs" and that she "understood them to belong to the public domain."  (Id. ¶ 5.)

Plaintiffs allege that Acerchem UK's use of the "As Good as Whey" and "Non-GMO" logos in the November 2014 newsletter violated their exclusive rights under 17 U.S.C. § 106 and therefore constitutes copyright infringement pursuant to 17 U.S.C. § 501.  Acerchem UK moves to dismiss for lack of personal jurisdiction and failure to state a claim on the basis that Plaintiffs' copyrighted works are not properly classified as literary works.  Acerchem UK also moves to strike Plaintiffs' prayer for statutory damages, attorneys' fees, and costs on the basis that these remedies are unavailable because the alleged infringement occurred prior to Plaintiffs' registration of their copyrights.

Defendants' Motions were set for hearings on July 6, 2015.  The Court continued the hearings to September 14, 2015 to give Plaintiffs an opportunity to conduct jurisdictional discovery.  (Docket No. 25.)

---

[2/]      Neither party provides any information regarding Acerchem UK's members.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-870 PA (AJWx) | | Date | September 11, 2015 |
|---|---|---|---|---|
| Title | Axiom Foods, Inc., et al. v. Acerchem Int'l, Inc., et al. | | | |

## II.    Personal Jurisdiction

The plaintiff bears the burden of establishing personal jurisdiction. Ziegler v. Indian River County, 64 F.3d 470, 473 (9th Cir. 1995). If a court has not heard testimony or made factual determinations, however, the plaintiff must only make a prima facie showing of personal jurisdiction. Id. The plaintiff may use affidavits of knowledgeable witnesses in meeting its burden of proving jurisdiction. Data Disc, Inc. v. Systems Tech. Assoc., Inc., 557 F.2d 1280, 1285 (9th Cir. 1977). In determining whether the plaintiff has met this burden, a court must take the uncontroverted allegations in the plaintiff's complaint as true and resolve disputed jurisdictional facts in the plaintiff's favor. Am. Tel. & Tel. Co. v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588-89 (9th Cir. 1996).

Before this Court can exercise jurisdiction, an applicable state rule or statute must potentially confer personal jurisdiction over the out of state defendant. Fed. R. Civ. P. 4(e). The California long-arm statute provides that a court may exercise jurisdiction on any basis not inconsistent with the State Constitution or the Constitution of the United States. Cal. Civ. Proc. Code § 410.10. Section 410.10 imposes limits on the power of California courts to exercise personal jurisdiction that are "'coextensive with the outer limits of due process under the state and federal constitutions, as those limits have been defined by the United States Supreme Court.'" Data Disc, 557 F.2d at 1286 (quoting Republic Int'l Corp. v. Amco Engineers, Inc., 516 F.2d 161, 167 (9th Cir. 1975).

A defendant's activities involving the forum state should be such that the defendant "should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S. Ct. 559, 567, 62 L. Ed. 2d 490 (1980). Courts have adopted a two-tiered approach to analyze whether a non-resident defendant's contacts with the forum state are sufficiently substantial so as to comport both with the Constitution and with traditional notions of fair play and substantial justice. International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S. Ct. 154, 158, 90 L. Ed. 95 (1945). This two-tiered approach involves a determination of whether a court has general or specific jurisdiction over a defendant. See Panavision Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1320 (9th Cir. 1998).

### A.    General Jurisdiction

General jurisdiction exists when there are "substantial" or "continuous and systematic" contacts with the forum state, even if the cause of action is unrelated to those contacts. Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082, 1086 (9th Cir. 2000) (citing Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 415, 104 S. Ct. 1868, 1872, 80 L. Ed. 2d 404 (1984). The contacts with the forum state must be of a sort that "approximate physical presence." Id.; see also Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 801 (9th Cir. 2004) ("This is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world."). In their Opposition,

**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-870 PA (AJWx) | | Date | September 11, 2015 |
|---|---|---|---|---|
| Title | Axiom Foods, Inc., et al. v. Acerchem Int'l, Inc., et al. | | | |

Plaintiffs note that "[f]or the purposes of this Motion, Plaintiffs do not contend that Acerchem is subject to general jurisdiction in California."  (MTD Opp. at 6.)[3/]

### B.    Specific Jurisdiction

Specific personal jurisdiction may be exercised when the "nature and quality" of the defendant's contacts with the forum state are significant in relation to the specific cause of action.  Data Disc, 557 F.2d at 1287.  In order for the forum state to properly assert jurisdiction over an out of state defendant, the defendant must have purposefully directed its activities towards residents of the forum state.  Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472, 105 S. Ct. 2174, 2182, 85 L. Ed. 2d 528 (1985).  Further, the forum-related activities must be related to the claim, and the exercise of jurisdiction must be reasonable.  Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995).  The Ninth Circuit has developed a three-part test for assessing the exercise of specific personal jurisdiction over a party:

> (1)    The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2)    The claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3)    The exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Schwarzenegger, 374 F.3d at 802; see also Sinatra v. National Enquirer, Inc., 854 F.2d 1191, 1195 (9th Cir. 1988).  "The plaintiff bears the burden of satisfying the first two prongs of the test. . . .  If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable."  Schwarzenegger, 374 F.3d at 802 (quoting Burger King, 471 U.S. at 476-78, 105 S. Ct. at 2184-85, 85 L. Ed. 2d 528).

A "purposeful availment" analysis is usually used in suits sounding in contract while a "purposeful direction" analysis is typically employed in a tort action.  Id.  A defendant purposefully avails himself of the privilege of conducting activities in the forum by deliberately "engag[ing] in significant activities within a State or [creating] 'continuing obligations' between himself and the

---

[3/]    Plaintiffs do not withdraw this concession in their Supplemental Opposition to Defendant's Motion.  In any event, the Supplemental Opposition does not provide any basis for this Court to find that it has general jurisdiction over Defendant.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-870 PA (AJWx) | | Date | September 11, 2015 |
|---|---|---|---|---|
| Title | Axiom Foods, Inc., et al. v. Acerchem Int'l, Inc., et al. | | | |

residents of the forum." Gray & Co. v. Firstenberg Mach. Co., 913 F.2d 758, 760 (9th Cir. 1990) (citing Burger King, 471 U.S. at 475-76, 105 S. Ct. at 2183- 84, 85 L. Ed. 2d 528). Purposeful availment "typically consists of evidence of the defendant's actions in the forum, such as executing or performing a contract there." Schwarzenegger, 374 F.3d at 802. The purposeful direction test applied in tort cases applies the "effects" test derived from Calder v. Jones, 465 U.S. 783, 104 S. Ct. 1482, 79 L. Ed. 2d 804 (1984), and requires "that the defendant allegedly have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." Dole Food Co. v. Watts, 303 F.3d 1104, 1111 (9th Cir. 2002).

Because Plaintiffs' claims against Acerchem UK sound in tort, the Court will apply the purposeful direction test as developed in Calder. First, Plaintiffs correctly argue that Acerchem UK's sending of the allegedly infringing email newsletter constitutes an "intentional act" for purposes of Calder's effects test. Defendant's knowledge of Plaintiffs' copyrights is not relevant under Calder's first prong. See Schwarzenegger, 374 F.3d at 806 ("We construe 'intent' in the context of the 'intentional act' test as referring to an intent to perform an actual, physical act in the real world, rather than an intent to accomplish a result or consequence of that act.").

The nature of Acerchem UK's alleged infringement is, however, relevant to whether its actions were "expressly aimed" at this state. Plaintiffs cite a number of cases for the proposition that "intentional infringement of the copyright of a plaintiff known to reside or do business in the forum state is itself sufficient to confer jurisdiction." (MTD Opposition at 7.) See Washington Shoe Co. v. A-Z Sporting Goods, Inc., 704 F.3d 668, 678-79 (9th Cir. 2012) ("We think that A-Z's alleged willful infringement of Washington Shoe's copyright, and its knowledge of both the existence of the copyright and the forum of the copyright holder, is sufficient 'individualized targeting' to establish the 'something more' necessary to satisfy the express aiming requirement."); Columbia Pictures Television v. Krypton Broadcasting of Birmingham, Inc., 106 F.3d 284, 289 (9th Cir. 1997) ("Columbia alleged, and the district court found, that Feltner willfully infringed copyrights owned by Columbia, which, as Feltner knew, had its principal place of business in the Central District. This fact alone is sufficient to satisfy the 'purposeful availment' requirement."); Brayton Purcell LLP v. Recordon & Recordon, 606 F.3d 1124, 1130 (9th Cir. 2010) ("Recordon's wrongful conduct placed it in direct competition for elder abuse clients with Brayton Purcell, an established expert in the field with a practice throughout California. Recordon's conduct was intentional, wrongful, and aimed at Brayton."); Metro Goldwyn Mayer Studios, Inc. v. Grokster, Ltd., 243 F. Supp. 2d 1073, 1088 (C.D. Cal. 2003) ("Sharman does not dispute that jurisdiction typically is appropriate where a foreign defendant engages in significant infringement of a resident's intellectual property, and knows where the harm from that infringement is likely to be suffered."); Amini Innovation Corp. v. JS Imports, Inc., 497 F. Supp. 2d 1093, 1105 (C.D. Cal. 2007) ("[T]he Ninth Circuit has held that specific jurisdiction exists where a plaintiff files suit in its home state against an out-of-state defendant and alleges that defendant intentionally infringed its intellectual property rights knowing it was located in the forum state."); CYBERSITTER, LLC v. People's Repub. of China, 805 F. Supp.2d 958, 970 (C.D. Cal. 2011) ("[A]n allegation of a defendant's willful copyright infringement against a plaintiff with knowledge of plaintiff's principal place of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-870 PA (AJWx) | Date | September 11, 2015 |
|---|---|---|---|
| Title | Axiom Foods, Inc., et al. v. Acerchem Int'l, Inc., et al. | | |

business satisfies the <u>Calder</u> effects test.").[4]  A common thread running through these cases is that defendants knew not only that plaintiffs did business in a particular state, but also that the intellectual property at issue <u>belonged to</u> plaintiffs.

Plaintiffs' argument lacks this crucial link.  When Plaintiffs note that "Acerchem [UK] does not dispute that it sent the email that copied Plaintiffs' intellectual property . . ., nor does it dispute that it knew that Plaintiffs were located in and do business in California" (MTD Supp. Opp. at 2), they are conspicuously silent on Defendant's knowledge that the logos belonged to Plaintiffs.  Although Plaintiffs allege that Defendant "copied" the logos from their websites and newsletters, this does not satisfy Plaintiffs' burden.  Defendants have contradicted the allegation that they copied the logos from Plaintiffs' websites and newsletters.  The Acerchem UK employee responsible for creating the November 2014 newsletter has testified that she found the logos through a search engine and "had no idea that the images were allegedly created or owned by Plaintiffs."  (Li Decl. ¶ 5.)  This testimony is plausible in light of the simple, generic character of the logos.  Plaintiffs have not presented any evidence to the contrary.  Accordingly, the second prong of <u>Calder</u> is not satisfied.

Moreover, the lack of evidence that Acerchem UK knew that the logos belonged to companies doing business in California precludes a finding that Defendant caused harm that it knew was likely to be suffered in California.  Therefore, the third prong of <u>Calder</u> is also not satisfied.  Because Plaintiffs cannot satisfy their burden to demonstrate purposeful direction, the Court does not have specific jurisdiction over Defendant in this action.

C.     **Jurisdiction Based on "National Minimal Contacts"**

Federal Rule of Civil Procedure 4(k)(2) provides that:

> For a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if: (A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and (B) exercising jurisdiction is consistent with the United States Constitution and laws.

"The due process analysis under Rule 4(k)(2) is nearly identical to traditional personal jurisdiction analysis with one significant difference: rather than considering contacts between [defendants] and the forum state, we consider contacts with the nation as a whole."  <u>Holland America Line, Inc. v. Wartsila N. America, Inc.</u>, 485 F.3d 450, 462 (9th Cir. 2007).  In the Ninth Circuit, Rule 4(k)(2) is applied sparingly.  <u>See Id.</u> ("Indeed, in the fourteen years since Rule 4(k)(2) was enacted, none of our cases has countenanced jurisdiction under the rule.").

---

[4]     Plaintiff also cites <u>Mavrix Photo, Inc. v. Brand Tech., Inc.</u>, 647 F.3d 1218, 1231 (9th Cir. 2011).  This case addresses the specialized context of material placed on a nationally-accessible website.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-870 PA (AJWx) | | Date | September 11, 2015 |
|---|---|---|---|---|
| Title | Axiom Foods, Inc., et al. v. Acerchem Int'l, Inc., et al. | | | |

Here, Plaintiffs argue that Defendant's email newsletter, allegedly sent to 55 recipients in California and 70 recipients elsewhere in the United States, is a sufficient national contact. The Ninth Circuit has held that such an "isolated incident" is not sufficient. In Holland America Line, the Ninth Circuit affirmed dismissal of defendants for lack of personal jurisdiction when one had put on a presentation in Florida and the other had engaged in "occasional visits to cruise ships and unspecified advertising in various marine publications." Id. A single blast marketing email is no more substantial than either of these contacts.

Although Plaintiffs do not argue this point in the specific context of Rule 4(k)(2), Plaintiffs' papers include the argument that Acerchem International's contacts with California (and the United States generally) may be imputed to Acerchem UK. (See MTD Supp. Opp. at 5-8.) Plaintiffs argue that Acerchem International has had contacts with the United States as an agent of Acerchem UK because the two companies have employees in common and it is not clear which entity they serve at any given time. This claim is based on (1) Acerchem International employee Donald Tang's ("Tang") declaration in which he describes himself as "an authorized agent of defendant Acerchem UK Limited . . . herein," (2) Li's transmission of the email newsletter to American recipients despite Acerchem UK's stated "primary" purpose to develop business in the United Kingdom, and (3) the purported fact that Acerchem International and Acerchem UK share email addresses and a website. None of these arguments is persuasive. First, Tang's representation of Acerchem UK for purposes of a declaration does not show that he has acted as an agent for that entity at any other time. Second, sending a single marketing newsletter to recipients outside the United Kingdom does not refute the proposition that Acerchem UK is primarily concerned with developing business in the United Kingdom. Third, there is no affirmative evidence that Acerchem UK and Acerchem International share either email addresses or a website. Li's newsletter was sent from "elva.li@acerchem.co.uk," while other correspondence between Plaintiffs' employees and Acerchem International employees involved "@acerchem.com" addresses.[5] Because there is no basis to find that Acerchem International had contacts with the United States as an agent of Acerchem UK, Acerchem International's contacts will not be imputed to Acerchem UK.

**Conclusion**

For the foregoing reasons, Defendant's Motion to Dismiss for Lack of Personal Jurisdiction is granted. Accordingly, the Court need not rule on Defendant's Motion to Dismiss for Failure to State a Claim or its Motion to Strike. The action is dismissed without prejudice.

IT IS SO ORDERED.

---

[5] Some Acerchem International employees' signature blocks include links to both "acerchem.com" and "acerchem.co.uk." (See, e.g., Declaration of Kay Abadee, Ex. H.) This does not prove that the companies share a website. In fact, it proves that they do not.